MOORE *v.* BOARD OF SUP'RS OF PRENTISS COUNTY.*

(Division A.  Oct. 1, 1928.)

[118 So. 349. No. 27279.]

*Corpus Juris-Cyc References:  Schools and School Districts, 35Cyc, p. 1008, n. 66.

*Friday & Windham,* for appellant.

672

*J. S. Finch,* for appellee.

SMITH, C. J. This is an appeal from an order of the court below, dismissing an appeal from a decision rendered by the board of supervisors of Prentiss county. A petition was filed with the board of supervisors under section 104, chapter 283, Laws of 1924 (Hemingway's 1927 Code, section 8739), praying for an annual levy of a tax of three mills on the property within a consolidated school district for purposes authorized by the statute. The appellant filed a protest against the levy of the tax, and at its September, 1927, meeting the board adjudicated, on evidence, that a petition praying for the levy

of taxes was signed by a majority of the qualified electors of the school district.

A bill of exceptions, setting forth this decision of the board, and the evidence on which it was based, was signed by the president of the board, and the case was then appealed by the protestants, without the execution of a bond therefor, to the circuit court, which court dismissed the appeal on the ground, first, that it had been prematurely taken, and, second, that no bond had been executed therefor.

The appeal is not under chapter 120, Laws of 1918 (Hemingway's 1927 Code, section 61), as contended by counsel for the appellee, but is under section 80, Code of 1906 (Hemingway's 1927 Code, section 60). An assessment of taxes from which an appeal lies under the first of these statutes is an assessment of property for taxation, and not the levy of the tax itself. Section 80, Code of 1906 (Hemingway's 1927 Code, section 60), does not require a bond for an appeal, and we will assume that the judgment or decision from which it allows an appeal is a final judgment or decision from which it allows an appeal is a final judgment or decision. The decision here in question is to all intents and purposes final, for the board of supervisors was without power, after the adjournment of the term at which it was rendered, to rescind or vacate it (*Keenan* v. *Harkins*, 82 Miss. 709, 35 So. 177), and thereafter was without the right, under the statute, to refrain from annually levying the tax prayed for.

*Reversed and remanded.*